Filed 11/30/22  P. v. Torkelson CA4/1

OPINION AFTER TRANSFER FROM THE CALIFORNIA SUPREME COURT

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078237 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD193624) |
| v. | |
| JAMES DAVID TORKELSON, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Appellant. | NO CHANGE IN JUDGEMENT |

THE COURT:

It is ordered that the opinion filed herein on November 10, 2022 be modified as follows:

On page 4, the third sentence of the first full paragraph beginning with "Several witnesses" is deleted and replaced with the following:

"Several witnesses indicated the robbery was Torkelson's idea, that Torkelson was the mastermind behind the plan, and that Torkelson provided nylon stockings to the group to cover their faces."

The petition for rehearing is denied.

No change in judgment.

McCONNELL, P. J.

Copies to:  All parties

Filed 11/10/22  P. v. Torkelson CA4/1 (unmodified opinion)
Opinion following transfer from Supreme Court
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES DAVID TORKELSON,<br><br>    Defendant and Appellant. | D078237<br><br><br>(Super. Ct. No. SCD193624) |

APPEAL from an  order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed and Remanded with Directions.

Waldemar D. Halka, under appointment by the Court of Appeal, for Appellant and Defendant.

Rob Bonta, Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Alan Amann and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, a jury convicted James David Torkelson on two counts of felony first degree murder for his role in an armed robbery in which two employees were shot and killed.  The superior court sentenced him to two

consecutive terms of life in prison without the possibility of parole. Torkelson filed a petition for resentencing in 2019, following statutory changes that narrowed the scope of felony-murder liability and authorized resentencing for those convicted under the prior laws. The superior court concluded he was ineligible for relief based on felony-murder special-circumstance findings made by the jury.

Torkelson appealed and, in our initial opinion, we affirmed the superior court's order. The Supreme Court of California granted Torkelson's petition for review and held the case for its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). In *Strong*, the Supreme Court held that a defendant is not precluded from eligibility for resentencing based on a jury's true findings on felony-murder special-circumstance allegations made before it issued its decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which provided substantial guidance on the meanings of the phrases "major participant" and "with reckless indifference to human life" as used in the statute defining the felony-murder special circumstance. After issuing its opinion in *Strong*, the Supreme Court remanded Torkelson's appeal to us with directions to vacate our opinion and to reconsider the matter in light of the decision.

In compliance with those directions, we hereby vacate our prior opinion. And, based on *Strong*, *supra*, 13 Cal.5th 698, we reverse the order denying Torkelson's resentencing petition and remand the matter for further proceedings.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Robbery*

The following facts regarding the underlying crimes are summarized from this court's unpublished opinion in Torkelson's direct appeal, *People v. James David Torkelson* (Feb. 10, 2011, D055104) [nonpub. opn.], in which we affirmed the judgment of conviction.

Torkelson was terminated from his position as a security guard at a parking lot near the San Diego airport in July 1999.  At about 11:30 p.m. on July 17, 1999, Torkelson arrived at the lot dressed in his uniform.  Two other security guards questioned Torkelson's employment status, but Torkelson assured them that it was okay for them to go home.

Approximately one hour later, a man with a nylon stocking over his face approached the ticket booth with a gun drawn.  He detained the attendant and emptied the cash register.  Two other employees were counting money from the shift change in a nearby business trailer.  The attendant heard the gunman order someone inside the trailer and, shortly thereafter, he heard a series of gunshots.  The attendant saw the gunman run from the trailer and meet up with two other men.  After calling 911, the attendant went to the business trailer and confirmed the two employees were dead, with bullet wounds to the head.  Meanwhile, the robbers ran across the street to another commercial parking lot and stole a getaway vehicle at gunpoint.

Although the police initially suspected Torkelson, they were unable to identify his accomplices until several years later.  In 2002, another individual, Jeffery Young, admitted that he had killed one of the victims, and identified Max Anderson as the shooter of the second victim.

B.     *Charges, Verdict, and Sentencing*

In 2005, Torkelson was charged with two counts of murder, one count of attempted murder, and carjacking.  The prosecutor presented a case based on felony murder.  Several witnesses indicated the robbery was Torkelson's idea, that Torkelson was the mastermind behind the plan, and that Torkelson provided guns to Young and another accomplice.   The jury found Torkelson guilty of both counts of first degree murder and found special-circumstance allegations that the murders were committed during the commission of a robbery within the meaning of Penal Code[1] section 190.2, subdivision (a)(17) true as to each count.  The superior court sentenced Torkelson to two consecutive terms of life in prison without the possibility of parole.

C.     *Petition for Resentencing*

On January 1, 2019, legislation took effect that, among other things, narrowed the scope of accomplice liability for felony murder by amending sections 188 and 189.  (Stats. 2018, ch. 1015, §§ 2, 3.)  The legislation also added a new statute authorizing those convicted of felony murder to petition for resentencing if they could not be convicted of that crime under the amended statutes had they been in effect at the time of the killing.  (Former § 1170.95, enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2, and renumbered § 1172.6 by Stats. 2022, ch. 58, § 10.)[2]

In 2019, Torkelson filed a petition for resentencing pursuant to section 1172.6.  The superior court appointed counsel for Torkelson and, after full

---

[1]     All further statutory references are to the Penal Code.

[2]     The amendments are not relevant to this appeal.  We cite the current version of the statute (§ 1172.6) in this opinion even though Torkelson filed his petition under the former version (§ 1170.95).

4

briefing and argument, denied the petition. The court acknowledged that there was disagreement among the appellate courts regarding the impact of the jury's true findings on the felony-murder special-circumstance allegations, but relied on *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*) and *People v. Gomez* (2020) 52 Cal.App.5th 1 (*Gomez*) to conclude that the jury's findings made Torkelson ineligible for resentencing under section 1172.6 as a matter of law.

D.    *Prior Appellate Proceedings*

Torkelson appealed, and this court issued an opinion in which we also acknowledged the split in appellate court decisions regarding the impact of the jury's true findings on the special- circumstance allegations, but concluded the superior court did not err by relying on *Galvan* and *Gomez* to conclude the findings rendered Torkelson ineligible for resentencing. As noted, our high court granted review and held Torkelson's case pending its decision in *Strong*, *supra*, 13 Cal.5th 998. (Supr. Ct. Order filed Aug. 19, 2022, S269769.) And, in *Strong*, the California Supreme Court held that true findings on felony-murder special-circumstance allegations do not preclude a defendant from stating a prima facie case for relief under section 1172.6, so long as those findings were made before its decisions in *Banks* and *Clark*. (*Strong*, *supra,* 13 Cal.5th at p. 721.) After issuing its decision in *Strong*, the Court transferred Torkelson's appeal back to us with directions to vacate our initial opinion and to reconsider the matter in light of the decision. (Supr. Ct. Order filed Oct. 19, 2022, S269769.)

## II.

## DISCUSSION

Following the Supreme Court's transfer order, the parties submitted supplemental briefing addressing the impact of the Supreme Court's decision

5

in *Strong*, *supra*, 13 Cal.5th 998. As in his original briefing on appeal, Torkelson contends the superior court erred by summarily denying his petition for resentencing based on the jury's true findings on the felony-murder special-circumstance allegations because those findings were made before the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788, and *Clark*, *supra*, 63 Cal.4th 522. Although they initially disagreed with Torkelson's position, given the Supreme Court's decision in *Strong*, *supra*, 13 Cal.5th 698, the People now concede that "the trial court's order summarily denying appellant's petition for resentencing under Penal Code section 1172.6 based on the existence of a pre-*Banks/Clark* robbery-murder special-circumstance finding should be reversed and the matter remanded for further proceedings." We agree.

In *Strong*, our Supreme Court held that where, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) The Supreme Court reasoned that section 1172.6 requires the petitioner to make a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special-circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717–718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny section 1172.6 petition at prima facie stage

based on its own determination defendant was major participant in felony and acted with reckless disregard for human life].)  Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

In Torkelson's case, the jury made its true findings on the special circumstance allegations more than a decade before the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788, and *Clark*, *supra*, 63 Cal.4th 522. Under *Strong*, those findings do not preclude Torkelson from stating a prima facie case for relief.  (*Strong, supra*, 13 Cal.5th at p. 721.)  Torkelson asserts that he made the requisite threshold prima facie showing for relief in his petition by alleging that he was convicted under a felony-murder theory, and that he could not now be convicted based on the changes to sections 188 and 189.  The People do not dispute his assertion, and, again, we agree. Torkelson's petition alleged the facts necessary for relief under section 1172.6, and the superior court erred by summarily denying his petition based on the jury's findings on the special circumstance allegations.  We therefore remand the matter to the superior court with directions to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing. (§ 1172.6, subds. (c), (d); *Strong*, at pp. 708–709; *People v. Duchine* (2021) 60 Cal.App.5th 798, 816.)  We express no opinion on how the court should ultimately rule on the petition.

## DISPOSITION

The opinion filed on June 9, 2021, is vacated. The order denying the petition for resentencing under section 1172.6 is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing.


IRION, J.

WE CONCUR:


McCONNELL, P.J.


BUCHANNAN, J.

8